[No. 12004.  Department Two.  August 10, 1914.]

ALBERT PRICE, *Respondent*, v. WENATCHEE VALLEY
ORCHARDS COMPANY, *Appellant*.[1]

DEPOSITIONS—ANSWERS—SUFFICIENCY.  An objection to depositions for the reason that answers thereto were incomplete, and in certain instances referred to the number of another interrogatory of similar import in which the answer there made was to be the answer to the one in question, is properly overruled, where it appears that the facts can be ascertained from the deposition when read as a whole, and that no attempt was made by the witness to evade the questions or withhold material facts known to him.

VENDOR AND PURCHASER—RESCISSION BY VENDEE—FRAUD.  A vendee is entitled to rescind a contract for the purchase of real property on the ground of the vendor's fraud in representing that he had title to the land, that it was practically level, that he had installed a pumping plant sufficient to properly irrigate the land, and that a society had been formed by persons purchasing land from him for the purpose of protecting any purchaser in event of his inability to make payments as provided in his contract, where the record amply sustains the court's findings that the representations were false and the inducing cause of the contract, and clearly sufficient to rescind the contract.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered July 17, 1913, upon findings in favor of the·plaintiff, in an action for rescission, tried to the court.  Affirmed.

*Sam R. Sumner*, for appellant.

*Reeves, Crollard & Reeves*, for respondent.

MORRIS, J.—Appeal from a judgment rescinding a contract for the purchase of real property, upon the ground of fraud.  The respondent resided at Chicago.  The appellant was engaged in the sale of lands about five miles north of Wenatchee.  The contract was entered into at Chicago, respondent never having seen the lands nor having any knowledge of their character or adaptability for orchard pur-

[1]Reported in 142 Pac. 434.

poses, except as represented by the agents for appellant. The inducing representations, which the lower court has found to have been falsely and fraudulently made, were (1) that the appellant had title to the land; (2) that the land was practically level; (3) that the appellant had installed a pumping plant sufficient to properly irrigate the land; and (4) that there was a society formed by persons who had purchased lands from appellant for the purpose of protecting any purchaser in the event of his inability to make payments as provided in his contract. That these representations were false, can hardly be doubted, the record amply sustaining each finding. That, if false and the inducing cause in the contract, they are sufficient to rescind the contract is equally clear. The facts preponderating in respondent's favor, and the law unquestionably affording him relief, there is nothing more to be said, unless we enter upon a recital of the facts shown in the record to sustain the findings, which is unnecessary.

Much of the testimony was taken by deposition at Chicago. Counsel for appellant objected to the reading of these depositions in evidence, because of the character of certain answers made to some of the cross interrogatories in which the answer appears as "Answer to No. ——," giving the number of an interrogatory of similar inport in which the answer made would be an answer to the interrogatory in question. In other cases counsel contends the answer is not as full as the question demanded. We think, in each instance, all the facts sought to be elicited can be ascertained from the deposition, when read as a whole, and this is all that is required; and that in no case does it appear that the witness was attempting to evade the question or withhold material facts within his knowledge, which must appear before the court would be justified in refusing to accept the deposition. 13 Cyc. 998.

It is also contended that the disaffirmance of the contract was not sufficiently prompt. We do not find this objection to

be well taken. Such an attack must be determined from the peculiar facts as each case presents them. Respondent acted with sufficient promptness, on the discovery of the fraud, to entitle him to his relief.

The judgment is affirmed.

Crow, C. J., Mount, Parker, and Fullerton, JJ., concur.